**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **MARIE ETILIEN CLERMONT** | **CIVIL CASE NO. 26-4524** |
| **VERSUS** | **JUDGE EDWARDS** |
| **LISA BOWEN, ET AL** | **MAG. KENNETH G. GALE** |

# MEMORANDUM RULING AND ORDER

Pending before the Court are multiple motions filed by Marie Etilien Clermont ("Petitioner"). Petitioner submitted a Motion to Shorten Response Time and Expedite Consideration of Petitioner's Petition for Writ of Habeas Corpus ("Motion to Expedite").[1] On the same day, Petitioner submitted an Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("TRO").[2] Having carefully considered Petitioner's submissions and the applicable law, Petitioner's Motions are **DENIED**.

This Court has repeatedly held that Petitioners may not circumvent the habeas process by seeking injunctive relief.[3] Petitioner has filed a Petition for Writ of Habeas Corpus, seeking, among other things, an expedited schedule for Respondent's answer, and an Order enjoining the transfer of Petitioner outside the District "until

---

[1] R. Doc. 2.
[2] R. Doc. 3.
[3] *E.g., Apolinario Gaspar Tum Pu* , No. 1:26-CV-03369, ECF No. 6 at *2 (W.D. La. Sept 2, 2026) ("The Court will not allow Petitioner to commit an end-run around the habeas process. Petitioner's preliminary relief sought—his immediate release—mirrors the ultimate relief sought in the habeas Petition.").

the Court has had a reasonable opportunity to consider this petition and the parties expedited submissions."[4] This Court has adopted standing orders to facilitate the prompt adjudication of habeas petitions.[5] Still, Petitioner's Motion to Expedite seeks an accelerated schedule for filings related to her habeas petition.[6] Moreover, Petitioner's TRO reiterates the call for expedited filings and seeks to enjoin the government from removing Petitioner from the District.[7]

The Petitioner's motions under consideration seek relief substantively identical to the relief sought in her habeas petition. Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide one's habeas petition immediately.[8]

Keeping with the Court's commitment to not allow Petitioners to work around the habeas process, **IT IS ORDERED** that the Petitioner's Motion for Temporary Restraining Order and Motion to Shorten Response Time and Expedite Consideration of Petitioner's Petition for Writ of Habeas Corpus are **DENIED**.

**THUS DONE AND SIGNED** this 16th day of November, 2026.

Jerry Edwards, Jr.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

[4] R. Doc. 1, at 13.
[5] R. Doc. 4.
[6] R. Doc. 2, at 2.
[7] R. Doc. 3, at 7.
[8] *Antonio Hernandez v. ICE ERO New Orleans et al.*, No. 1:26-CV-01935, ECF No. 5 (W.D. La. June 9, 2026) ("The Court will not allow Petitioner to skip to the front of the Court's habeas docket."); *Jorge Milnes Cabrera v. Timothy Ducote et al.*, No. 3:26-cv-03556, ECF No. 11 (W.D. La. Sept. 18, 2026); *see Garcia-Aleman v. Thompson*, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025).